Case 1:26-cr-20054-KMM   Document 1   Entered on FLSD Docket 02/12/2026   Page 1 of 6

FILED by **KA** D.C.

Feb 12, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **26-20054-CR-MOORE/D'ANGELO**

18 U.S.C. § 1956(h)
18 U.S.C. § 982(a)(1)(A)

UNITED STATES OF AMERICA

vs.

KEEGAN HARRICHARAN,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

Beginning at least as early as in or around April 2021, and continuing through in or around July 2021, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**KEEGAN HARRICHARAN,**

did knowingly and voluntarily combine, conspire, confederate and agree with other persons known and unknown to the United States Attorney, to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, that is:

(a)    to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity and with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b)    to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful

activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is: wire fraud, in violation of Title 18, United States Code, Section 1343, as provided by Title 18, United States Code, Section 1956(c)(7)(A); and conspiracy to provide material support and resources to a conspiracy to kidnap or kill a person outside the United States resulting in death, in violation of Title 18, United States Code, Section 956 and 2339A(a), and smuggling goods from the United States, in violation of Title 18, United States Code, Section 554, all as provided by Title 18, United States Code, Section 1956(c)(7)(D).

All in violation of Title 18, United States Code, Section 1956(h).

[Remainder of the page intentionally left blank.]

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **KEEGAN HARRICHARAN**, has an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1956, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Section 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 2461(c).

_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
SEAN T. McLAUGHLIN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KEEGAN HARRICHARAN,

_____ /
Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [✓] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [✓] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [✓] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Jacqueline Becerra   Case No. 22-20104-CR-BECERRA
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____ for
Sean T. McLaughlin
Assistant United States Attorney
SDFL Court ID No. A5501121

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **KEEGAN HARRICHARAN**

Case No: _____

Count #: 1

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)
* Max. Term of Imprisonment: 20 Years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine:   $500,000.00 (or double unlawful proceeds)

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| KEEGAN HARRICHARAN, ) | |
| ) | |
| *Defendant* ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Philip Reizenstein
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*