UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE. NO.   <u>26-20054-CR-MOORE</u>

UNITED STATES OF AMERICA

vs.

KEEGAN HARRICHARAN,

      **Defendant.**

_____/

**<u>GOVERNMENT'S 1st RESPONSE TO
THE STANDING DISCOVERY ORDER</u>**

     The United States hereby files this 1st response to the Standing Discovery Order.   This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.   Prior to the Defendant's initial appearance, the Government has routinely communicated with defense counsel – via email, phone, and in person - regarding discovery.   This first discovery production was provided directly to defense counsel via 1TB storage device.

    A.    1.    The first discovery production includes bank and financial records, forensic cell phone analysis, exported WhatsApp chat records, various law enforcement reports, video and photographic evidence, among other items associated with this case.   This production is subject to the Court's discovery protective order (DE 11).

            2.    Written records and/or recordings containing the substance of oral statements made by the defendant before or after arrest in response to interrogation or interview questioning by a person then known to the defendant to be a Government agent are attached.

            3.    No defendant testified before the Grand Jury.

            4.    The NCIC records of the defendant are attached.

            5.    Aside from the items described in A.1, books, papers, documents, photographs, tangible objects, buildings or places which the Government intends to use as evidence at trial to prove its case-in-chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, HIDTA, 11200 NW 20th Street, Suite 101, Miami, FL 33172.   .   Please contact the undersigned via email to set up a date and time that is convenient to both parties.

          The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the Government may intend to introduce at trial.

      6. Other than as set forth below, and as contained within the items described in A.1, the undersigned is not aware of any other completed or pending physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The Government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The Government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. Prior conviction records of any alleged co-conspirator(s), accomplice(s) or informant(s) who will testify for the Government will be provided as required.

F. To the extent that any defendant was identified in a lineup, show up, photo array or similar identification proceedings, this information is attached.

G. The Government has advised its agents and officers involved in this case to preserve all rough notes.

H. The Government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of any other evidence pursuant to FRE 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under FRE 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of electronic surveillance with regards to this case.

J. The Government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the Government at the trial of this cause.

K. The Government is unaware of any alleged contraband which is the subject of this indictment which would necessitate independent chemical analysis.

L. The Government is not aware any automobile, vessel, or aircraft allegedly used in the commission of the charged offenses that is currently in the Government's possession.

M. The Government is currently not aware of any latent fingerprints or palm prints which have been identified by a Government expert as those of the defendants.

N. To date, the Government has not received a request for disclosure of the subject-matter of expert testimony that the Government reasonably expects to offer at trial.    At trial, the Government expects to offer expert testimony. Any expert report(s) and CV(s) will be provided upon receipt.

O. The Government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial, including but not limited to, that the nature and weight of the seized contraband/narcotics. These stipulations will be discussed at any discovery conference.

P. At any discovery conference scheduled in Section A.5, above, the Government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The Government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Please contact the undersigned Assistant United States Attorney with any questions and/or if any items/attachments are missing.

Respectfully submitted,

JASON REDING QUIÑONES
UNITED STATES ATTORNEY

By:   s/ Sean T. McLaughlin
SEAN T. McLAUGHLIN
Assistant United States Attorney
Court ID No. A5501121
11200 NW 20th Street, Suite 101
Miami, Florida 33172
Tel: (305) 715-7642/7654
Fax: (305) 715-7639
Email: Sean.McLaughlin@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 26, 2026, I electronically filed the foregoing document with the Clerk of the Court and counsel of record using CM/ECF.

/s Sean T. McLaughlin
SEAN T. McLAUGHLIN
Assistant United States Attorney